IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RENAISSANCE LEARNING, INC.,

                Plaintiff,                      ORDER

    v.                                                      14-cv-738-jdp

INTRADATA, INC.,

                Defendant.

---

Plaintiff Renaissance Learning, Inc. develops and sells educational products such as Accelerated Reader, Accelerated Vocabulary, Accelerated Math, and Accelerated Writer. Renaissance has registered the mark "AR" to refer to its products and the mark "ATOS" as the name for its reading level scoring system. Renaissance alleges that defendant IntraData, Inc. has developed and sold a competing product—Read 'N Quiz—that utilizes Renaissance's proprietary ATOS method for assessing the readability level of text. Renaissance brought suit against IntraData, alleging claims under the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), and under Wisconsin law. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367 because Renaissance's Lanham Act claims arise under federal law, and because the remaining state law claims are part of the same case or controversy.

IntraData attempted to answer Renaissance's complaint. Dkt. 5. But the document was signed by the company's president, John Switzer, who does not appear to be a licensed attorney in Washington, where Intra is incorporated and located, or in any other state. The problem with IntraData's filing is that "a corporation . . . is legally incapable of appearing in court unless represented by counsel—corporations must appear by counsel or not at all." *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 857-58 (7th Cir. 2011). Relying on this principle, Renaissance moved the court to enter default because IntraData had failed to timely file a legally sufficient

answer or motion to dismiss. Dkt. 6. The court permitted IntraData to respond to the motion, but warned that "only a licensed attorney may file a response." Dkt. 8.

IntraData did respond, this time with a motion to dismiss. Dkt. 9. The motion simply describes why IntraData does not think Renaissance's suit is fair, but it fails to explain why the court should not enter default. Moreover, without explanation, the document is again signed by Mr. Switzer, and the signature block indicates that IntraData is proceeding pro se. Regardless of its merits, the motion is a legal nullity, and the court will therefore strike the motion and the briefing schedule triggered automatically by the court's ECF system.

IntraData has so far failed to plead or otherwise respond to Renaissance's complaint, but the court will give IntraData one last chance to defend itself in this lawsuit. Lest there be any confusion: the court will not accept any submission from IntraData unless the filing is signed by a licensed attorney who is admitted to practice before this court (or who simultaneously moves for admission pro hac vice); documents signed by Mr. Switzer are *not legally sufficient*. IntraData has 14 days from the date of this order to oppose Renaissance's motion for default. If IntraData fails to meet this deadline, the court will enter default. *See* Fed. R. Civ. P. 55(a).

IT IS ORDERED that:

1. Defendant IntraData, Inc.'s motion to dismiss, Dkt. 9, is STRICKEN.
2. Defendant may have until January 23, 2015, to properly respond to plaintiff Renaissance Learning, Inc.'s motion for entry of default, Dkt. 6.
3. If defendant fails to respond, the court will enter default.
4. The clerk of court is directed to mail a copy of this order to defendant.

Entered January 9, 2015.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge