IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RENAISSANCE LEARNING, INC.,

                               Plaintiff,                                    ORDER

      v.

                                                        14-cv-738-jdp

INTRADATA, INC.,

                               Defendant.

---

Following a hearing on plaintiff Renaissance Learning, Inc.'s motion for default judgment against defendant IntraData, Inc., the court invited supplemental briefing from Renaissance on the following issues: (1) this court's obligation to ascertain personal jurisdiction over a defaulting defendant; and (2) the basis for asserting personal jurisdiction over IntraData in this case. Dkt. 26. The court also invited Renaissance to provide sufficient billing details to support its requested attorney fees. *Id.* After reviewing Renaissance's supplementary materials, the court is satisfied that personal jurisdiction exists, but the support for Renaissance's requested attorney fees is still inadequate. The court will direct the clerk to enter default judgment against IntraData, but it will reduce Renaissance's fee award by half.

On the issue of personal jurisdiction, Renaissance directs the court to *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 596 (7th Cir. 2007), and contends that the Seventh Circuit does not require district courts to examine personal jurisdiction before entering default judgments. But the court of appeals announced no such rule in *e360 Insight*. Rather, after observing that at least one other circuit requires its district courts to ascertain personal jurisdiction over a defaulting defendant, the Seventh Circuit held that "[w]e *need not decide* whether we would impose the same rule on district courts in this circuit if faced with that situation because it is not the one we face here." *e360 Insight,* 500 F.3d at 599 (emphasis

added). Renaissance overlooks this language and instead quotes: "[w]e see no reason to require the district court to raise sua sponte affirmative defenses, which may, of course, be waived or forfeited, on behalf of *an appearing party* who elects not to pursue those defenses for itself." Dkt. 27, at 1-2 (emphasis added) (quoting *e360 Insight*, 500 F.3d at 599). IntraData never appeared in this case, however, and so the Seventh Circuit's statement is not directly applicable.[1]

IntraData is a small-time operation in Washington state, which means that it would face a significant burden by being forced to litigate in Renaissance's home forum. It is therefore appropriate for the court to satisfy itself that there is at least a plausible basis for exercising personal jurisdiction over IntraData. Renaissance has identified two school districts in Wisconsin to which IntraData has sold its Read 'N Quiz product. *See* Dkt. 28-1 and Dkt. 28-2. This suit arises, in part, out of those sales. Thus, IntraData could have foreseen being haled into court to defend its commercial activities in this state. *See* Wis. Stat. § 801.05(4); *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 757-58 (7th Cir. 2010). Based on Renaissance's supplemental filings, the court is satisfied that there is a plausible basis for exercising personal jurisdiction over IntraData.

By defaulting, IntraData has waived its right to defend the merits of this case, and thus Renaissance is deemed to have prevailed on its claims. The court will accept Renaissance's presentation of its alleged damages in the amount of $20,000, based on IntraData's report of sales to 200 school districts, with estimated damages of $100 per school district.

---

[1] Renaissance alternatively suggests that IntraData waived any objection to personal jurisdiction by not raising the issue in its initial pleading. Dkt. 27, at 3 n.1. This argument is not persuasive because IntraData's filings were submitted by its president, who is not an attorney. *See Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 857-58 (7th Cir. 2011) ("[C]orporations must appear by counsel or not at all."). Indeed, it is IntraData's lack of a proper answer filed by counsel that led this case to default judgment proceedings.

But Renaissance's proposed injunction, Dkt. 23, is formally improper and it includes relief to which Renaissance is not entitled. As the court discussed during the default judgment hearing, the complaint alleges trademark infringement, false advertising, and unfair competition, and Renaissance is deemed to have prevailed on those claims. The court will not, however, grant relief that would be appropriate only if Renaissance had established infringement of a patent or copyright. As for the form of the injunction, Federal Rule of Civil Procedure 65 prohibits issuing an order that describes the enjoined conduct by reference to the complaint, as Renaissance proposes. *See id.* at 2.

The court will enjoin IntraData from any infringing use of the pleaded marks, especially "ATOS," "ACCELERATED READER," and "AR," or any confusingly similar variation of those. The court will also enjoin Renaissance from making unfair, untrue, or misleading statements about its own products or about the relationship between IntrData and Renaissance. For example, IntraData cannot represent to the public that it uses the ATOS algorithm, that it creates ATOS scores, or that its quizzes or materials are part of Renaissance's Accelerated Reader program.

Renaissance does not have a legal monopoly on the grade-level/month score format in which ATOS scores are presented (a score of 3.5 means that a book is appropriate for a reader in the fifth month of the third grade). Thus, although IntraData may not brand its products as having "ATOS" scores, it is not barred from using the same score format. The court will not enjoin IntraData from *all* use or reference to "ATOS," as IntraData is entitled to make fair use or non-trademark use of Renaissance's marks for such purposes as honest comparative advertising.

The Renaissance *method* for creating an ATOS score for a given book—what Renaissance refers to as the "ATOS algorithm"—is protected, if at all, as a trade secret or under patent law.

Renaissance has not pleaded either type of protection. Renaissance's ATOS scores themselves are disclosed to students and parents, neither of whom are under any obligation to keep them confidential. Nor has Renaissance pleaded any claim of copyright infringement. The injunction below reflects the limits of Renaissance's intellectual property as presented in the complaint.

Finally, Renaissance has not substantiated its requested attorney fees. Initially, Renaissance merely identified the total amount of its claimed fees and provided an affidavit stating that its attorneys' rates were reasonable. The court informed Renaissance that its submissions were inadequate and requested further detail of the claimed fees.

As an initial matter, Renaissance's revised fee request is larger than the amount that it initially claimed. *Compare* Dkt. 21, ¶ 13 ($50,875.70), *with* Dkt. 28-13, at 9 ($63,228.70). But Renaissance incurred these additional fees principally because it did not adequately allege personal jurisdiction in its complaint—which led the court to request supplemental briefing— and because it did not substantiate its initial request for fees. IntraData should not be responsible for fees that Renaissance incurred while correcting omissions in its complaint and default judgment submissions.

For the $50,875.70 in fees that Renaissance initially claimed, the revised submission provides redacted invoices with only some of the information that would be necessary to determine whether the request is reasonable. The court appreciates the submission that confirms that Renaissance will pay the submitted fees.[2] But this does not end the analysis. Here, Renaissance has entirely redacted the "description" column for every time entry. Dkt. 28-13, at 2-11. Some redaction might be appropriate to protect privileged information. But the wholesale

---

[2] The Seventh Circuit recognizes that "the best evidence of whether attorney's fees are reasonable is whether a party has paid them." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 653-54 (7th Cir. 2011) (internal citations and quotation marks omitted).

redaction of all description of the work leaves Renaissance's fee request impervious to this court's required review for reasonableness. *See* 15 U.S.C. § 1117(a) ("The court in exceptional cases may award *reasonable* attorney fees to the prevailing party.") (emphasis added).

The requested fees are high for a case that ended in a default judgment. This case required Renaissance to: (1) file a complaint; (2) apply for entry of default; (3) participate in a telephonic conference; (4) move for default judgment; and (5) prepare for and participate in a default judgment hearing, which ordinarily would be a routine matter. Even though IntraData's president complicated the case by attempting to act on his company's behalf, his filings should not have created much additional work for Renaissance's attorneys, given how consistently the court explained that a corporation cannot proceed pro se. Dkt.8; Dkt. 11; and Dkt. 13.

Because there is no comprehensive documentation to support Renaissance's claimed fees, the court finds that a 50% reduction to the initial request is appropriate in this case. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly."); *Harper v. City of Chi. Heights*, 223 F.3d 593, 605 (7th Cir. 2000) ("As to the reasonableness of the hours expended, when a fee petition is vague or inadequately documented, a district court may either strike the problematic entries or . . . reduce the proposed fee by a reasonable percentage."). The court concludes that Renaissance is entitled to recover $25,437.85 in attorney fees and $1,478.32 in expenses.[3]

---

[3] Renaissance submitted a breakdown of its "costs." Dkt. 28-13, at 10-11. Some of the listed items would be taxable as costs (*e.g.*, filing fees). But some would not be (*e.g.*, attorney travel expenses). 28 U.S.C. § 1920. Because these expenditures would be included in Renaissance's attorney fees and expenses, however, the court will award them as such. Renaissance may not recover any expenses with a separate bill of costs following judgment.

Accordingly, IT IS ORDERED that:

1. Plaintiff Renaissance Learning, Inc.'s motion for default judgment against defendant IntraData, Inc., Dkt. 19, is GRANTED.

2. Pursuant to 15 U.S.C. § 1117(a), plaintiff is awarded damages against defendant in the amount of $20,000.

3. Pursuant to 15 U.S.C. § 1117(a)(3), plaintiff is awarded reasonable attorney fees and expenses against defendant in the amount of $25,437.85, and $1,478.32, respectively.

4. Interest on this judgment will accrue at the legal rate until the judgment is satisfied.

5. Defendant and its officers, agents, servants, employees, and attorneys, and all persons in active concert and participation with defendant, are hereby enjoined from:

    a. using the ACCELERATED READER, ACCELERATED WRITER, ACCELERATED MATH, ACCELERATED VOCABULARY, AR, and ATOS trademarks, or confusingly similar variants of those marks, to identify or promote defendant's products or services; and

    b. making any unfair, untrue, or misleading statements about either defendant's own products and services, or the products and services of plaintiff, that:

        i. are likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of defendant with plaintiff, or as to the origin, sponsorship, or approval of defendant's goods, services, or commercial activities by plaintiff; or

        ii. in commercial advertising or promotion, misrepresent the nature, characteristics, qualities, or geographic origin of defendant's or plaintiff's goods, services, or commercial activities.

6. Defendant is further ordered to take the following actions:

    a. modify all public communication (such as signage, advertising, social media, and promotional material) to eliminate any infringing use of any of plaintiff's trademarks;

    b. remove from any public communication any and all unfair, untrue, or misleading statements about defendant's own products or services, and the products and services of plaintiff; and

    c. within 30 days after the date of this Order, provide plaintiff with a report, in writing and under oath, that sets forth in detail the manner and form in which defendant has complied with this injunction.

7.  The clerk of court is directed to enter judgment accordingly and to mail a copy of this order to defendant.

Entered May 11, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge